UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| THE UNION CENTRAL LIFE INSURANCE COMPANY, | : : : | NO. 1:08-CV-00696 |
| Plaintiff, | : : | **OPINION AND ORDER** |
| v. | : : : | |
| WATSON D. HORNE, JR., | : : | |
| Defendant. | : : : | |

This matter is before the Court on Plaintiff's Motion for Default Judgement (doc. 7). For the reasons stated herein, Court GRANTS Plaintiff's Motion for Default Judgment, ENTERS Default Judgment against Defendant Watson D. Horne, Jr., and AWARDS a total judgment of $109,947.68 plus Plaintiff's cost of this action.

**I. Background**

On October 7, 2008, Plaintiff filed a breach of contract action against Defendant, demanding judgment for the sum of $109,947.68 (doc. 1). In the Complaint, Plaintiff alleged that Defendant failed to pay Chargebacks in the amount of $109,947.68 owed to Plaintiff under contracts entered into by the parties (doc. 1). Pursuant to the Federal Rules of Civil Procedure, Defendant waived service of process by executing a Waiver of Service of Summons form (doc. 7). More than sixty days have elapsed since Defendant exectue the waiver, and Defendant has not replied or

otherwise responded to the Complaint, or attempted to defend the case in any manner, as required by Fed. R. Civ. P. 4. On December 12, 2008, Plaintiff requested that the Clerk issue an Entry of Default against Defendant (doc. 4), and one was entered on December 16, 2008 (doc. 11). Thereafter, Plaintiff filed the instant motion, moving for Default Judgment against Defendant for failure to plead in response to the Complaint, specifically seeking judgment in the amount of $109,947.68 plus the costs of this action (doc. 7).

**II. Analysis**

Applying for a default judgment is a two-step procedure under the Federal Rules of Civil Procedure. First, an entry of default must be secured pursuant to Fed. R. Civ. P. 55(a), indicating that the party has failed to defend the action and is therefore in default. This subsection provides that "[w]hen a [defendant] has failed to plead or otherwise defend as provided by these rules" and this failure is brought to the clerk's attention and supported "by affidavit or otherwise, the clerk shall enter the party's default." Fed. R. Civ. P. 55(a).

Once this step has been fulfilled, the Plaintiff may proceed for entry of a default judgment in accordance with Fed. R. Civ. P. 55(b). An entry of default judgment requires some affirmation that the person against whom the default judgment is obtained is not (1) "an infant or incompetent person" who is

unrepresented; (2) a member of the armed services who is entitled to protection against default pursuant to the Soldiers' and Sailors' Civil Relief Act of 1940, 50 U.S.C. Appendix § 401 et seq.; or (3) an officer or agency of the United States. See, e.g., Fed. R. Civ. P. 55(b), (c), (e); Advisory Committee Notes to Fed. R. Civ. P. 55, Supplementary Note. Typically, this requirement is satisfied by the submission of an affidavit by the movant that none of these prohibitions apply in the instant case. Further, Fed. R. Civ. P. 55 differentiates between claims made "for a sum certain or for a sum which can be by computation made certain" and those which may require additional fact finding, analysis, and/or hearings by the Court to establish an appropriate award. Fed. R. Civ. P. 55(a). A judgment award on the former may be entered by the clerk "upon affidavit of the amount due," while an award under the latter must be decided upon by the Court. Id.

As noted above, Plaintiff has satisfied the first step in obtaining default judgment, as an Entry of Default was entered on December 16, 2008 (doc. 6). Further, in the motion, Plaintiff submits, through affidavit, that Defendant is not in military service, an infant, or an incompetent person (doc. 7). Further, the posture of this case is such that the Court can properly enter judgment against Defendant for the sum certain which Plaintiff seek. Fed. R. Civ. P. 55(b). The actions of Defendant show he is ignoring Plaintiff's Complaint, that he is in default, he is not

defending this action, and that entry of default judgment is appropriate. Id. The Court finds default judgment, for the sum certain of $109,947.68 plus Plaintiff's costs of the action, appropriate and in the interests of justice.

**III. Conclusion**

For the foregoing reasons, the Court GRANTS Plaintiff's Motion for Default Judgment, ENTERS Default Judgment against Defendant Watson D. Horne, Jr., and AWARDS a total judgment of $109,947.68 plus Plaintiff's cost of this action.

SO ORDERED.

Dated: January 20, 2009     /s/ S. Arthur Spiegel
S. Arthur Spiegel
United States Senior District Judge